IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SELESTINO RODRIGUEZ | § | |
| TDCJ-CID #261432 | § | |
| V. | § | C.A. NO. C-06-264 |
| | § | |
| CAPTAIN LEROY WOODRUFF, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper.  Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999).  Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).  Applying these standards, it is respectfully recommended that plaintiff's claims be dismissed.

## I.  Jurisdiction

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  Background and Plaintiff's Allegations

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID").   He is currently detained in the Kleberg County Detention Center.

Plaintiff filed suit on June 26, 2006 and named as defendants Leroy Woodruff, a Captain with the Kleberg County Sheriff's Office; Ed Mata, Kleberg County Sheriff, and Kleberg County.  The following allegations were made in plaintiff's complaint or at the September 12, 2006 Spears[1] hearing:

On June 4, 2006, plaintiff was arrested on a parole violator's warrant and taken to the Kleberg County Detention Center.  Approximately two weeks later, plaintiff's mother passed away.  After being told of his mother's death, plaintiff was visibly distraught.  He was told that he had a call from his sister, and was taken from his cell and placed in the gym for approximately 10 minutes.  He was then stripped of all his clothing and taken to a padded cell where he remained for about 30 minutes.  He later found out that there was no phone call.

Plaintiff asked Captain Woodruff if he could attend his mother's  rosary, or funeral, or simply view her body for five minutes alone before she was buried.  In fact, one officer volunteered to escort plaintiff to Corpus Christi and back if he received permission to go.  Captain Woodruff stated that it might be possible, but that he would have to check with the County Attorney and County Judge first.  Captain Woodruff later reported to plaintiff that the Kleberg County Judge would not approve a funeral furlough to Nueces County due to plaintiff's underlying charge of aggravated assault with a deadly weapon.

Plaintiff claims that he also spoke to Sheriff Mata about attending his mother's funeral, and that Sheriff Mata also promised to "see what he could do."  Sheriff Mata confirmed that plaintiff could not leave the jurisdiction of  Kleberg County, noting that, if the funeral had been in Kleberg County, plaintiff would have been able to attend.

Plaintiff also complains that Captain Woodruff violated his constitutional rights by denying

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

him phone calls to his family to assist in making funeral arrangements.  In addition, every time he got upset, Captain Woodruff ordered that he be stripped and placed in a padded cell.  This happened on at least four occasions.

Plaintiff testified that the Kleberg County Detention Center does not an administrative grievance procedure.  He is seeking money damages for his mental anguish, pain and suffering.

### III.  Discussion and Recommendation

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.[2]  42 U.S.C. § 1997e(c)(2).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  Id.

In the present case, plaintiff alleges that Captain Woodruff violated his Eighth Amendment right to be free from cruel and unusual punishment by causing him extreme mental anguish when he denied him the opportunity to attend his mother's rosary or funeral, or to otherwise say good-bye to her, and denied him phone calls with his family, and placed him stripped and in a padded cell to deal with his grief.

Plaintiff's allegation that his rights were violated when he was denied the opportunity to

---

[2] Plaintiff admits that he did not exhaust his administrative remedies, arguing that this is not a "prison case."

attend his mother's funeral does not rise to a constitutional magnitude.  A prisoner does not retain a liberty interest in attending a family member's funeral, and the denial does not impose an atypical or significant hardship on the inmate in relation to the normal incidents of prison life.[3]  See Sandin v. Conner, 515 U.S. 472, 484-86 (1985).  Other courts around the nation that have addressed this issue have held that prisoners do not retain a constitutional right to attend a family member's funeral. See e.g., Hilliard v. Andrews, No. Civ. A. 05-75, 2005 WL 1629954 (W.D. La. July 8, 2005) ("Simply put, plaintiff does not have a protected right to or a liberty interest in attending his brother's funeral."); Bradley v. Beck, No. 1:01CV225-02-MU, 2001 WL 34610459 (W.D.N.C. Oct. 19, 2001) (fact that some prisoners are allowed to attend family members' funerals is result of grace, not constitutional right); Cruz v. Sielaff, 767 F. Supp. 547, 550 (S.D. N.Y. 1991) (no federal right recognized under § 1983 to attend uncle's funeral).

While it is unfortunate that plaintiff was not able to attend his mother's rosary or funeral, or to view her body one last time, the denial does not state a claim under section 1983.  Similarly, plaintiff's complaints concerning the denial of telephone calls and his placement in a padded cell for thirty minutes on four separate occasions, ostensibly for his own good, are not the atypical and significant hardships that raise due process concerns.  Accordingly, it is respectfully recommended that plaintiff's claims be dismissed  with prejudice pursuant to 28 U.S.C. §§ 1915(e), 1915A.

Respectfully submitted this 12th day of September 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff couched his claim in terms of the Eighth Amendment based on his alleged injuries; however, it is apparent that the "right" to attend a funeral is more properly examined under the Fourteenth Amendment's due process clause.

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).